## Dorcas Mackey's Appeal.

---

## Joseph Mackey's Estate.

Where an administrator, with the concurrence of all the parties in interest in a decedent's estate, undertakes the care and management of the real estate and uses the personal estate to make necessary repairs, pay taxes, etc., one of the parties in interest as distributee cannot compel payment of the amount awarded when such payment cannot be made without disturbing the arrangement under which the administrator is acting.

(Argued March 21, 1888. Decided April 9, 1888.)

January Term, 1888, No. 152, E. D., before GORDON, Ch. J., STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County dismissing a petition for an order to pay, etc., January Term, 1882, No. 124. Affirmed.

The facts are stated in the opinion.

*Rees Davis* for appellant.

*Joseph M. Pile,* for appellee.—The money that was paid by the administrator was in the nature of a distribution to the parties which forms no part of the administration account. Rit-

tenhouse v. Levering, 6 Watts & S. 190; Yundt's Estate, .6 Pa. 35.

OPINION BY MR. JUSTICE STERRETT:

Appellant petitioned the orphans' court for an order on appellee, as administrator of Joseph Mackey, deceased, to pay $106.98, awarded to her in distribution of decedent's personal estate in February, 1882.

Admitting the facts alleged by petitioner, appellee, in his answer, averred in substance that, with the concurrence of all the parties in interest, he undertook the care and management of certain real estate of which his intestate died seised, and used the personal estate in making necessary repairs therein, paying taxes, etc.; that as testamentary trustee of Jane Mackey, one of the parties in interest, he intended "to proceed at once for the partition or sale of said real estate, upon the conclusion of which all accounts can be adjusted and the whole estate divided among the parties." He also appended a statement, showing his receipts and expenditures as agent of the parties interested in the real estate, including appellant; and submitted himself to the order of the court in the premises.

The allegations of fact contained in the answer were not denied; and the court, being satisfied as to their truthfulness, very properly concluded that if appellant united with other parties in interest, in committing to appellee the care and management of their real estate and authorizing him to expend the money in question in needed repairs, payment of taxes, etc., "she cannot now, after the money has been used for her benefit and in the manner indicated by herself, ask him to pay it over to her again." No court, either of law or equity, could hold otherwise.

Decree affirmed and appeal dismissed, at costs of appellant.